United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Haydee Chi, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-21994-Civ-Scola |
| | ) | |
| Scottsdale Insurance Company, | ) | |
| Defendant. | ) | |

### Order Granting Motion for Voluntary Dismissal with Conditions

In this case, Plaintiff Haydee Chi complains that Defendant Scottsdale Insurance Company has failed to properly compensate her, under the parties' insurance policy, for covered damages sustained to her residential property. (Compl., ECF No. 1-2, 7–11.) The Defendant removed the case to this Court, from state court, in June 2022, and it is set for trial in August 2023, with the dispositive motion deadline less than a week away. Chi now seeks the voluntary dismissal of her case, without prejudice, contending that the duration of this litigation and the absence of a pending dispositive motion weigh in favor of her motion. (Pl.'s Mot., ECF No. 27.) In response, Scottsdale agrees this case should be dismissed, but argues the dismissal should be *with* prejudice or, alternatively, without prejudice but with the imposition of curative conditions. (Def.'s Resp., ECF No. 28.) Chi has not replied and the time to do so has passed. After review, the Court exercises its discretion to dismiss this case, without prejudice, thus **granting** the motion (**ECF No. 27**), but with curative conditions, as proposed by Scottsdale and to which Chi has not objected.

Chi offers little in the way of support for her motion, positing only that "the duration of the litigation and the fact that there is no pending dispositive motion both weigh in favor of a voluntary dismissal without prejudice." (Pl.' Mot. ¶ 9.) In response, although Scottsdale "does not dispute this matter should be dismissed," it opposes Chi's motion to the extent she seeks a dismissal *without* prejudice. (Def.'s Resp. at 5.) Accordingly, says Scottsdale, the Court should either dismiss Chi's case, but *with* prejudice or, alternatively, with the imposition of conditions. (*Id.* at 4–8.)

"The Federal Rules of Civil Procedure require an order of the Court to effect a voluntary dismissal of a complaint by a plaintiff when, as here, an adverse party has served an answer or a motion for summary judgment." *McBride v. JLG Indus., Inc.*, 189 F. App'x 876, 877 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(a)(2)). While granting or denying such a motion is within the Court's discretion, the Eleventh Circuit has instructed that "in most cases, a voluntary

dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." *McBride*, 189 F. App'x at 877. Further, in exercising its discretion under Rule 41(a)(2), a district court "must weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Id.* at 877–78. At the same time, the Eleventh Circuit directs that, "when exercising its discretion," a district court "should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of the defendants." *Id.* at 878 (cleaned up).

As an initial matter, the Court denies Scottsdale request that the Court dismiss Chi's case with prejudice, under Federal Rules of Civil Procedure 41(b) and "the Court's inherent authority" (Def.'s Resp. at 4–7). Scottsdale did not properly seek this relief in the form of a separate motion, and therefore its request is not properly before the Court. *See Peklun v. Tierra Del Mar Condo. Assoc., Inc.*, 15-CIV-80801, 2015 WL 8029840, at *16 (S.D. Fla. Dec. 7, 2015) (Bloom, J.) (noting that "a party may not seek affirmative relief in a response"); *see also* Fed. R. Civ. P. 7(b) ("A request for a court order must be made by motion.").

On the other hand, Scottsdale has not shown, or even argued, that it will suffer any "clear legal prejudice" by way of a dismissal in this case. Nor does Scottsdale contend that Chi's defeat in this case is a foregone conclusion. Indeed, Scottsdale appears to concede that it is not, proffering that it suspects Chi's motion is aimed at warding off Scottsdale's filing of a motion for summary judgment, not Scottsdale's necessarily prevailing on that motion. (Def.'s Mot. at 7 ("Scottsdale would assert that Plaintiff has solely filed the [m]otion . . . to avoid Scottsdale['s] moving for full summary judgment in this matter.").) Further, there has been no showing that Chi has engaged in dilatory tactics in litigating her case. And so, as a starting point, the Court finds exercising its discretion to allow dismissal here warranted: Scottsdale will not suffer clear legal prejudice and both parties agree that the case should be dismissed.

Conversely, the Court agrees with Scottsdale that the activity in this case has been substantial: there has been significant discovery and motion practice; the parties have mediated; Scottsdale has retained two experts, who have inspected Chi's property; Scottsdale has propounded an "Offer of Judgment/Proposal for Settlement" which has now expired; and the summary-judgment-motion deadline is just days away. Accordingly, says Scottsdale, the Court should impose attorney's fees and costs on Chi should she refile her case against Scottsdale. The Court agrees. This case has been pending for nearly two years. And Scottsdale's significant expenditure of effort, time, and money is

undisputed. Further, and importantly, Chi has not filed any opposition to the imposition of conditions.

Accordingly, in weighing the equities after a careful review of the record, the briefing, and the relevant legal authorities, the Court concludes that imposing conditions on Chi's dismissal is warranted. *See McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 860 (11th Cir. 1986) ("A plaintiff ordinarily will not be permitted to dismiss an action without prejudice under Rule 41(a)(2) after the defendant has been put to considerable expense in preparing for trial, *except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation.*") (emphasis added). To that end, the Court conditions the dismissal of this case upon Chi's payment of Scottsdale's reasonable fees and costs but only unless and until Chi re-files her complaint against Scottsdale. *See McCants*, 781 F.2d at 860 ("Costs may include all litigation-related expenses incurred by the defendant, including reasonable attorneys' fees.")

In sum, for the reasons set forth above, the Court **grants** Chi's motion for voluntary dismissal without prejudice (**ECF No. 27**) and thus **dismisses** this case but **with conditions**.

The Court directs the Clerk to **close** this case. Any pending motions are **denied as moot**.

**Done and ordered**, in Miami, Florida, on April 5, 2023.

Robert N. Scola, Jr.
United States District Judge